UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. S-1 4:17 CR 526 RLW |
| v. ) | |
| ) | |
| KURT WALLACE, ) | |
| ) | |
| Defendant. ) | |

### JOINT PROPOSED SCHEDULING ORDER

     The parties hereby submit the following schedule in the above-captioned matter and, as a result, respectfully request that the Court vacate the scheduling conference presently set for Friday, June 14, 2019, at 9:30 a.m.:

Continued Complex Case Designation

     As previously ordered (Doc. 64) and based upon the record before the Court, the Court finds and concludes, after taking into account the exercise of due diligence by defense counsel, that this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself to occur within the time limits established by the Speedy Trial Act. To deny the parties adequate time to consider filing pretrial motions, or a waiver thereof, would be a miscarriage of justice and deny the defendant and his defense counsel a reasonable period of time necessary for effective investigation and preparation and filing of pretrial motions, or a waiver thereof. Further, the ends of justice served by granting the motions of the government and of the defendant outweigh the best interests of the public and of the defendants in a speedy trial.

     Therefore, IT IS HEREBY ORDERED that this is a complex case under the Speedy Trial Act and the trial setting will be set beyond that which would otherwise be the latest allowable under the Speedy Trial Act.

Disclosure of Arguably Suppressible Evidence

     IT IS FURTHER ORDERED that the United States file by not later than **Friday, July 26, 2019**, an enumerated list that (a) generally describes or identifies by type and date (e.g., date of search pursuant to warrant or date of interview) each item of the arguably suppressible evidence or events, (b) the respective defendant or defendants against whom the government might offer such item in the government's case-in-chief at trial, and (c) the witness or witnesses the government may call at a pretrial evidentiary suppression or other hearing on each respective item. See Rule 12(b)(4), Federal Rules of Criminal Procedure.

Requests for Additional Pretrial Disclosures

IT IS FURTHER ORDERED1 that, not later than **Friday, August 9, 2019**, each party may serve in hand on the opposing party(ies), and may file with the court, any request for pretrial disclosure of evidence or information.  Not later than **Friday, August 16, 2019**, the parties must respond to any such requests for pretrial disclosure of evidence or information. To the extent practicable, each party must combine all such requests for disclosure and the responses thereto in one Request for Disclosure document and in one Response to Request for Disclosure document, with each separate item of information or evidence discussed being a subpart of said document.

Filing or Waiver of Pretrial Motion(s)

The parties may file any pretrial motion(s) on or before **Monday, August 26, 2019**.

IT IS FURTHER ORDERED that if the defendant chooses not to file any pretrial motions, counsel for defendant must file with the court, not later than the date set for the filing of any pretrial motion, a memorandum attesting that there are no issues that the defendant wishes to raise by way of pretrial motion; that counsel has personally discussed this matter with the defendant; and that the defendant agrees and concurs in the decision not to raise any issues by way of pretrial motions.

IT IS FURTHER ORDERED that any pretrial motion seeking a court order for the production of evidence or information from the opposing party, and each motion to suppress evidence, must contain a statement of counsel that movant's counsel has personally conferred with counsel for the opposing party about the issue(s) raised in the motion(s), that there is a good faith belief that the information or evidence exists about which discovery is sought or which the defendant seeks to have suppressed, and (for motions for disclosure) that the disclosure of said information or evidence has been refused by the opposing party.

IT IS FURTHER ORDERED that with respect to any motion to dismiss an indictment or an information:

1. if the motion argues the subject indictment or information is vague, uncertain, indefinite, multiplicitous, duplicitous, violates Federal Rule of Criminal Procedure 7(c), or is in some other way legally insufficient on its face, the aforesaid motion must identify the necessary, missing allegation, or the legally insufficient allegation, or any other reason for the aforesaid argument, together with supporting citation of authority;

2. if the motion argues the subject indictment or information is not supported by legally sufficient evidence, the motion must identify the specific factual basis for such an assertion, together with supporting citation of authority; and

3. if the motion argues the subject indictment or information is based upon law(s) which is (are) illegal, void, or unconstitutional, the motion must specify the subject law(s) and the basis for the argument.

Response to Pretrial Motions

IT IS FURTHER ORDERED that the United States will have up to an including **Friday, September 13, 2019**, to respond to any pretrial motion(s) filed by defendant.

Evidentiary Hearing

The Court will set an evidentiary hearing, if necessary, following the filing of pretrial motions and responses to the same.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

/s/ Thomas Rea
Thomas Rea
111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63102
314-539-2200
t.rea@usdoj.gov


COUNSEL FOR DEFENDANT KURT WALLACE

/s/ Daniel Schattnik
Daniel Schattnik
3 South 6th Street
Wood River, Illinois 62095
618-531-3100
schattnik@gmail.com

/s/ John D. Stobbs, II
John D. Stobbs, II
307 Henry Street, suite 211
Alton, Illinois 62002
618-462-8484
jds2@stobbslaw.com