UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CR 526 RLW / DDN |
| | ) | |
| | ) | |
| KURT WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The Court has considered the proposed scheduling order submitted by counsel for the United States and by counsel for defendant Kurt Wallace (Doc. 288). The following findings and conclusions are made by the Court.

### Capital Crimes Protocol

On July 1, 2021, the United States Attorney General ordered a moratorium on executions and a review of the Justice Manual provisions regarding the death penalty. The current Justice Manual provisions remain in effect at this time. Thus, the Department of Justice continues to follow its existing processes regarding (1) decisions to seek or not seek the death penalty, and (2) decisions regarding whether a change of circumstances warrants reconsideration of a prior decision to seek.

In that regard, on February 16, 2021, defense counsel presented relevant information to the United States Attorney General's Capital Crimes Review Committee. The parties are presently awaiting a decision from the United States Attorney General regarding the notice to seek or not seek the death penalty. There is no precise time frame for when a notice will be received from the United States Attorney General. Accordingly, the additional information set forth below will be impacted based upon the timing and content of any such notice from the United States Attorney General.

**IT IS HEREBY ORDERED** that the parties file a joint pleading **not more than 10 days** after receipt of notice from the United States Attorney General as to whether the government will seek the death penalty in this case.

### Continued Complex Case Designation

As previously ordered (Docs. # 64, 234) and based upon the record before the Court, the Court finds and concludes, after taking into account the exercise of due diligence by defense counsel, that this case is and remains so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself to occur within the time limits established by the Speedy Trial Act. To deny the parties adequate time to consider filing pretrial motions, or a waiver thereof, would be a miscarriage of justice and deny the defendant and his defense counsel a reasonable period of time necessary for effective investigation and preparation and filing of pretrial motions, or a waiver thereof. Further, the ends of justice served by granting the motions of the government and of the defendant outweigh the best interests of the public and of the defendants in a speedy trial.

Therefore,

**IT IS FURTHER ORDERED** that this is a complex case under the Speedy Trial Act and the trial setting will be set beyond that which would otherwise be the latest allowable date under the Speedy Trial Act.

### Disclosure of Arguably Suppressible Evidence

The United States has previously filed enumerated lists of arguably suppressible evidence (Docs. # 89, 180). On or about April 9, 2021, an amendment to its enumerated list(s)that (a) generally describes or identifies by type and date (e.g., date of search pursuant to warrant or date of interview) each item of the arguably suppressible evidence or events, (b) the respective defendant or defendants against whom the government might offer such item in the government's case-in-chief at trial, and (c) the witness or witnesses the government may call at a pretrial evidentiary suppression or other hearing on each respective item was filed by the United States (Doc. # 280). See Rule 12(b)(4), Federal Rules of Criminal Procedure.

### Requests for Additional Pretrial Disclosures

**IT IS FURTHER ORDERED** that, not later than **Friday, December 3, 2021**, each party may serve in hand on the opposing party(ies), and may file with the court, any request for pretrial disclosure of evidence or information. Not later than **Monday, December 20, 2021**,the parties must respond to any such requests for pretrial disclosure of evidence or information. To the extent practicable, each party must combine all such requests for disclosure and the responses thereto in one Request for Disclosure document and in one Response to Request for Disclosure

document, with each separate item of information or evidence discussed being a subpart of said document.

### Filing or Waiver of Pretrial Motion(s) if Death Penalty is Not Sought

To the extent notice to not seek the death penalty is received by the parties from the United States Attorney General on or before December 1, 2021, the parties may file any pretrial motion(s) on or before **Friday, January 21, 2022**. These pretrial motions are evidentiary in nature and do not include potential motions related to the death penalty or motions in limine.

**IT IS FURTHER ORDERED** that if the defendant chooses not to file any pretrial motions, counsel for defendant must file with the court, not later than the date set for the filing of any pretrial motion, a memorandum attesting that there are no issues that the defendant wishes to raise by way of pretrial motion; that counsel has personally discussed this matter with the defendant; and that the defendant agrees and concurs in the decision not to raise any issues by way of pretrial motions.

**IT IS FURTHER ORDERED** that any pretrial motion seeking a court order for the production of evidence or information from the opposing party, and each motion to suppress evidence must contain a statement of counsel that movant's counsel has personally conferred with counsel for the opposing party about the issue(s) raised in the motion(s), that there is a good faith belief that the information or evidence exists about which discovery is sought or which the defendant seeks to have suppressed, and (for motions for disclosure) that the disclosure of said information or evidence has been refused by the opposing party.

**IT IS FURTHER ORDERED** that with respect to any motion to dismiss an indictment or an information:

1. if the motion argues the subject indictment or information is vague, uncertain, indefinite, multiplicitous, duplicitous, violates Federal Rule of Criminal Procedure 7(c), or is income other way legally insufficient on its face, the aforesaid motion must identify the necessary, missing allegation, or the legally insufficient allegation, or any other reason for the aforesaid argument, together with supporting citation of authority;

2. if the motion argues the subject indictment or information is not supported by legally sufficient evidence, the motion must identify the specific factual basis for such an assertion, together with supporting citation of authority; and

3. if the motion argues the subject indictment or information is based upon law(s)which is (are) illegal, void, or unconstitutional, the motion must specify the subject law(s) and the basis for the argument.

### Response to Pretrial Motions if Death Penalty is Not Sought

**IT IS FURTHER ORDERED** that the United States will have up to an including **Friday, February 18, 2022**, to respond to any pretrial motion(s) filed by defendant.

### Evidentiary Hearing if Death Penalty is Not Sought

The Court will set an evidentiary hearing, if necessary, following the filing of pretrial motions and responses to the same.

### Submission of Amended Scheduling Order if Death Penalty is Sought

To the extent notice to seek the death penalty is received by the parties from the United States Attorney General,

**IT IS FURTHER ORDERED** that the parties must file an amended proposed scheduling order **within 45 days** of receipt of such notice. Among other things, the amended proposed scheduling order will take into consideration time frames associated with, among other things, the filing of a superseding indictment; notice of relevant aggravating factors; legal and evidentiary pretrial motions; and other relevant proceedings associated with death penalty litigation.

The Court will permit receipt of authorization information from the United States Attorney General prior to proceeding with any pretrial motions in the interest of efficiency and judicial economy. More specifically, should the death penalty be sought, it is anticipated that the defendant will proceed with various legal challenges to the seek such authorization and charging documents associated with it. Based upon this Court's ruling(s) on those anticipated motions, the scope of any evidentiary motions will be directly affected.

_____/s/   David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 10, 2021.