# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-CR-526-RLW/DDN |
| KURT WALLACE, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S MOTION FOR A PRETRIAL DETERMINATION OF THE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS

Comes now Defendant Kurt Wallace, by his attorneys, John D. Stobbs II, and Daniel J. Schattnik and for his Motion for a Pretrial Determination of the Admissibility Coconspirator Statements states:

## INTRODUCTION

Mr. Wallace requests that pursuant to Rules 802, 801(d)(2)(E), and 104(a) of the Federal Rules of Evidence, that this Honorable Court require the Government to provide a pretrial proffer, by way of pretrial evidentiary hearing, regarding any statements that the Government intends to present at trial as statements of coconspirators in furtherance of the any alleged conspiracy and asks the Court to make a pretrial determination as to the admissibility of any such statements.

## FACTS

The Second Superseding Indictment in this case alleges that Mr. Wallace did knowingly and intentionally conspire, combine, confederate and agree, with other persons both known and unknown to the federal grand jury to commit offenses against the United States, to wit: to knowingly and intentionally possess with the intent to distribute a controlled substance. This allegation is in violation of Title 21, United States Code, Section 846; and punishable under Title 21, United States Code, Section

1

841(b)(1)(C). No further allegations of a conspiracy of any kind are listed within the Second Superseding Indictment.

## ARGUMENT

**I.  A PRETRIAL EVIDENTIARY DETERMINATION IS NECESSARY TO DETERMINE THE ADMISSIBILITUY OF STATEMENTS OF ALLEGED COCONSPIRATORS**

Rule 801(c) of the Federal Rules of Evidence refers to out of court testimony as hearsay and provides that "[h]earsay means a statement that the declarant does not make while testifying at the current trial or hearing and a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is ordinarily inadmissible unless provided otherwise by a federal statute, the Federal Rules of Evidence, or other rule prescribed by the Supreme Court. Fed. R. Evid. 802. The coconspirator exception to the hearsay rule makes statements by coconspirators during the course of a conspiracy admissible against all other conspirators when made in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E).

Before admitting a coconspirators statement, a Court must be satisfied that the statement actually falls within the definition of the Rule. To fulfil the requirements of the rule, the Eight Circuit Court of Appeals has held that the Government must demonstrate by a preponderance of the evidence that (1) a conspiracy existed; (2) the Defendant and the declarant were both members of the conspiracy; and (3) the declaration was made during the course and in furtherance of the conspiracy. *United States v. Lewis*, 759 F.2d 1316, 1388-39 (8th Cir. Cert. denied), 474 U.S. 994 [1985]. The United States Supreme Court has held that pursuant to Rule 104(a) of the Federal Rules of Evidence, the admissibility of coconspirator statements is a preliminary question for the Court to decide. See *Bourjaily v. U.S*. 483 U.S. 171, 175 (1987).

Mr. Wallace argues that to the extent that the Government intends to proffer statements for admission under Rule 801(d)(2)(E), the Court should order a pretrial hearing to determine the admissibility of those statements. Mr. Wallace recognizes that the Eight Circuit's holding in *United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978)*

2

permits a Court to conditionally admit a coconspirator statement at trial pending the Government's required showing under Rule 801(d)(2)(E). However, the Court's decision in *Bell* does not foreclose a District Court from exercising its discretion in requiring that questions of such statements' admissibility be resolved prior to trial. Indeed, the Court in *United States v. Macklin,* 573 F.2d 1046, 1049 (8th Cir. 1978) made clear that the procedures approved in *Bell* are not mandatory and that "[i]t is preferable whenever possible that the Government's independent proof of the conspiracy be introduced first, thereby avoiding the danger . . . of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes."

Further, Mr. Wallace provides that a pretrial hearing would avoid the substantial problems that could result if the Court were to provisionally admit purported coconspirator statements, and if the Government thereafter could not prove the requisite elements for admission under Rule 801(d)(2)(E). Specifically, Mr. Wallace asks that especially with his case being a capital punishment case that this Honorable Court exercises its discretion and orders a pretrial hearing to determine the admissibility of any statements. Admission of alleged statements prior to Government proof could be detrimental and extremely prejudicial in the fight for Mr. Wallace's life.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Mr. Wallace requests this Honorable Court to require the Government to identify each statement it claims is admissible as a statement of a conspirator in furtherance of the conspiracy and asks the Court to rule as to the admissibility of each such statement prior to trial.

KURT WALLACE

| | |
|---|---|
| /s/John D. Stobbs II | /s/Daniel J. Schattnek (By:JDSII |
| John D. Stobbs II, No. 43052 | Daniel J. Schattnik |
| 307 Henry St. Suite 211 | 3 South 6th Street |
| Alton, Illinois 62002 | Wood River, Illinois 62095 |
| Telephone: (618)462-8484 | Telephone: (618) 258-1800 |
| FAX: (618)462-8585 | FAX: (618) 258-1957 |
| Email: jds2@stobbslaw.com | Email:  schattnik@gmail.com |

## CERTIFICATE OF SERVICE

      I hereby certify that on January 21, 2022 a copy of the attached *Motion for a Pretrial Determination of the Admissibility Coconspirator Statements* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

> Mr. Tom Rea
> Assistant U.S. Attorney
> 111 S. 10th Street
> St. Louis, Missouri 63102

STOBBS LAW OFFICES

/s/ John D. Stobbs II
Attorney for Defendant
307 Henry St. Suite 211
Alton, Illinois 62002

Case: 4:17-cr-00526-RLW-DDN   Doc. #:  302   Filed: 01/21/22   Page: 5 of 5 PageID #: 1006

5