UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 4:17-cr-00526-SEP-3 |
| KURT WALLACE, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the Court is the Government's Motion to Unseal Document Transcript and Pro Se Motion, Doc. [448]. No opposition has been filed by Defendant. For the reasons set forth below, the motion is granted in part and denied in part.

### BACKGROUND

Defendant Wallace filed a motion for post-conviction relief under 28 U.S § 2255 alleging, among other things, ineffective assistance of counsel from his defense counsel, John D. Stobbs, II and Daniel Schattnik. *See Wallace v. United States of America*, 4:24-cv-00978-SEP (E.D. Mo filed July 15, 2024), Docs. [1], [2]. Defendant asserts the following: (1) counsel failed to appeal the denial of Defendant's "motions to withdraw his guilty plea, terminate counsel, and others" after Defendant requested they do so; (2) counsel falsely informed Defendant that he would receive the death penalty if he did not plead guilty; (3) counsel failed to properly object to Defendant's sentencing report; (4) counsel failed to request a psychological evaluation and present an insanity defense; (5) counsel failed to hire expert witnesses and pursue "unreliable statements" made by the victim; and (6) counsel disrespected Defendant's family. *See Wallace*, 4:24-cv-00978-SEP, Doc. [2]. The Government moves to unseal the transcript of the sealed motion hearing that occurred on November 29, 2023,[1] Doc. [397], and Defendant Wallace's pro se motion to terminate counsel, Doc. [387], "given (a) how Defendant's § 2255 motion alleges that his counsel was ineffective in not appealing the denial of the motions taken up at that hearing; and (b) the overlap between his § 2255 motion and his pro se motion to withdraw his

---

[1] In that hearing, the Court denied (1) Defendant's Pro Se Motion to Withdraw his Guilty Plea, (2) Defendant's Pro Se Motion to Terminate Counsel and Appoint Alternative Counsel, and (3) Mr. Stobbs and Mr. Schattnik's Motion to Withdraw.

1

guilty plea (with those overlapping points potentially having been discussed during the sealed motion hearing)." Doc. [448] at 2-3. The Government states, "[t]he transcript and pro se motion to terminate counsel are both sealed presumably because they implicate the attorney-client privilege," but maintains Defendant waived his privilege by implicating privileged communications in his § 2255 motion. *Id*. at 3-4.

## DISCUSSION

"A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes incompetence a course of action to his attorney that raises the specter of ineffectiveness of incompetence." *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *see Natoli v. United States*, 2021 WL 2187279, *1 (E.D. Mo. 2021) ("It is well settled that when a § 2255 petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888) ("And if the client has voluntarily waived the privilege, it cannot be insisted on to close the mouth of the attorney.").

Here, Defendant's claims clearly implicate privileged communications. Thus, the Court holds Defendant "has waived the attorney-client privilege with respect to all communications with his attorney necessary to prove or disprove [Defendant's] ineffective-assistance-of-counsel claims." *Natoli*, 2021 WL 2187279, at *1. Because the transcript of the sealed motion hearing and Defendant's pro se motion to terminate counsel include communications necessary to prove or disprove Defendant's claims, the Government is permitted to access such documents. The Court will not unseal the documents on the public docket, however; rather, it will provide AUSA Mohsen Pasha with electronic access to them.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Unseal Document Transcript and Pro Se Motion, Doc. [448], is **GRANTED in part and DENIED in part**. The clerk shall provide Mohsen Pasha with electronic access to Docs. [387], [397].

Dated this 18th day of October, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE