UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:17-cr-00526-SEP-3 |
| KURT WALLACE, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Transcripts/Discovery, Doc. [444]. For the reasons set forth below, the motion is denied without prejudice.

Defendant Wallace filed a motion for post-conviction relief under 28 U.S § 2255. *See Wallace v. United States of America*, 4:24-cv-00978-SEP (E.D. Mo filed July 15, 2024), Docs. [1], [2]. Defendant requests "a copy of his entire discovery and transcripts so he can continue to litigate his 28 U.S.C. § 2255 [claim]." Doc. [444] at 1. There is no basis for the Court to order that transcripts or discovery be provided to Defendant as part of a closed criminal case, and the motion will therefore be denied without prejudice. Defendant may file a motion for transcripts and/or discovery in his action under 28 U.S.C. § 2255, if he so chooses. If Defendant chooses to file such a motion in his § 2255 proceeding, he should be mindful of the following:

- **Transcripts:** 28 U.S.C. § 753(f) "requires the provision of transcripts at government expense only upon certification by the Court that a § 2255 motion already on file is not frivolous, and that a transcript is needed to decide the issues presented." *Wallace v. United States*, 2024 WL 2746650, at *1 (E.D. Mo. May 29, 2024). Therefore, if Defendant chooses to file a motion for transcripts in his § 2255 proceeding, he should specify the claim(s) in the § 2255 motion to which each requested transcript relates, and he should explain why he believes the transcript is necessary to decide that claim.

- **Discovery:** "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)). Defendant must follow Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, which states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." The "good cause" standard "requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (quoting *Bracy*, 520 U.S. at 900). Therefore, if Defendant chooses to file a motion for discovery in his § 2255

proceeding, he should provide reasons for his request, and he should include any proposed interrogatories and requests for admission, and specify any requested documents.  *See* Rules Governing § 2255 Proceedings, Rule 6.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Transcripts/Discovery, Doc. [444], is **DENIED** without prejudice.

Dated this 31st day of October, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE